[No. 6123. Decided June 30, 1906.]

JOHN W. WHITHAM, *Appellant,* v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, *Respondent.*[1]

CARRIERS — RAILROADS — TICKETS — CONSTRUCTION OF CONTRACT — SIDE TRIPS. A round trip ticket from Seattle to St. Louis and return stipulating that the holder was entitled while enroute to one trip from Denver, Colorado, to St. Louis and return to Billings, Montana, over the "Burlington Route," which route consisted of several main lines running east and west, does not entitle the holder to a side trip on any branch line running north and south from the main lines.

Appeal from a judgment of the superior court for King county, Albertson, J., entered January 3, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action by a passenger for damages for removal from a train. Affirmed.

*R. W. Prigmore* and *John W. Whitham,* for appellant.

*John P. Hartman,* for respondent.

CROW, J.—On November 12, 1904, appellant purchased from respondent's agent a first-class round trip railroad ticket

1Reported in 85 Pac. 852.

from Seattle, Washington, to St. Louis, Missouri, which entitled him, while enroute, to one trip from Denver, Colorado, to St. Louis, Missouri, and return to Billings, Montana, over the "Burlington Route," which included certain lines operated by the respondent through the state of Nebraska. The evidence shows that the respondent, as a portion of its system running east from Denver, operates three lines in a general easterly and westerly direction through Nebraska, which, for the purposes of this opinion, we will designate as main lines. It also operates in said state a branch line running north and south intersecting the central main line at Strang, and the southerly main line at Chester. Appellant traveled eastwardly on the central main line to Strang, where he stopped over for the purpose of traveling south to Belvidere, a station located on the branch line between Strang and Chester. He presented his ticket on a local train on the branch line, was advised by the conductor that it was not good for transportation from Strang to Belvidere, and, after some dispute, was permitted to ride to Belvidere without the payment of fare. The conductor, however, then and there notified him that he would have to pay fare when returning from Belvidere.

A few days later, appellant again boarded the local train on said branch line for the purpose of returning to Strang and continuing his trip east. Returning on the local train appellant presented his ticket to the same conductor, who then refused to carry him to Strang unless he paid his fare amounting to thirty-eight cents, which appellant refused to do. Thereupon, the conductor, without unnecessary force, removed him from the train at a way station between Belvidere and Strang. After the appellant had alighted, he again boarded the same train and paid his fare from Belvidere to Strang. He alleges that the conductor was violent, insulting, abusive, and subjected him to great humiliation and disgrace. In these statements, which are denied by the conductor and two passengers, appellant is corroborated by the evidence of

his brother and sister, who were traveling with him. After reaching Strang, appellant's ticket was honored by respondent whenever presented in both going to, and returning from, St. Louis. This action has been instituted by the appellant to recover $1,980 damages claimed to have been sustained by him by reason of the alleged wrongful acts of the conductor. On trial without a jury the court made findings of fact and conclusions of law in favor of respondent, and from the final judgment entered thereon this appeal has been taken.

Appellant has presented several legal propositions which we will not discuss, our view being that the controlling questions herein are questions of fact only. The trial court found all the facts above stated, and in addition thereto, further found that appellant's ticket did not designate any particular route of travel over the respondent's lines from Denver to St. Louis, nor did it entitle appellant to retraverse any portion of respondent's road until after his arrival at St. Louis; that when about to return from Belvidere to Strang, he boarded respondent's local train and demanded passage upon his ticket, that the station agent at Belvidere had told him the conductor would allow him to ride to Strang on such ticket, but that such agent had no authority to change the contract between appellant and respondent by making such statement; that the conductor in removing him from the train used no more force than was necessary, having escorted him out of the train at a way station; that no force was necessary as appellant did not resist; that under said ticket appellant was not entitled to transportation from Belvidere to Strang; and that said conductor did not violate any of the terms of the contract between appellant and respondent. No finding was made showing the conductor to have been violent, insulting, or abusive, as alleged by appellant.

Appellant has excepted to these findings, but we find them to be fully sustained by the evidence, and will not disturb them. A copy of the ticket is in the record, and its stipula-

tions are inconsistent with appellant's contention. It simply calls for transportation over respondent's line from Denver to St. Louis, and return from St. Louis to Billings, Montana. The evidence shows that this would only entitle appellant to travel through Nebraska, both going and returning, over one of the main lines running east and west. When he stopped over at Strang and endeavored to use his ticket for traveling towards the south in a direction almost at right angles to said main line and out of the general course of his trip, he was demanding transportation to which he was not entitled. The appellant should have been able to understand the terms of his contract as evidenced by the provisions and stipulations clearly expressed in his ticket. When he endeavored to travel on said ticket over a branch line from Strang to Belvidere and to return over the same line before reaching his ultimate destination at St. Louis, he was demanding that to which he was not entitled, no such special privilege being included in his contract. If he could have lawfully insisted on such a side trip, there would be no reason why he could not stop at any and all points on the main line, where intersected by branch lines operated by respondent, and insist on taking round trips on such branch lines without the payment of fare, and on returning to the main line, thereafter pursue his journey to St. Louis. We fail to see any merit in appellant's contentions. They are fully answered by a mere statement of the facts as found by the trial court and shown by the record.

The judgment is affirmed.

Mount, C. J., Root, Rudkin, Dunbar, Fullerton, and Hadley, JJ., concur.